UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAURICE L. DELEE, also known as
Maurice DeLee,

               Petitioner,

       v.                                         9:16-CV-1351
                                                            (DNH/DJS)

DAVID A. STALLONE,

               Respondent.

---

APPEARANCES:                        OF COUNSEL:

MAURICE L. DeLEE
07-B-0369
Petitioner, pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Petitioner Maurice L. DeLee ("DeLee" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits to Petition ("Pet. Ex."); Dkt. No. 1-2, Memorandum of Law ("Mem."); Dkt. No. 1-3, Exhibits to Memorandum of Law ("Mem. Ex."); Dkt. No. 2, IFP Application.[1] For the reasons that follow, petitioner's IFP Application is granted and the petition is transferred to the U.S. Court of Appeals for the

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

Second Circuit.

## II. DISCUSSION

### A. The Petition

DeLee challenges an August 25, 2006 judgment of conviction entered in Onondaga County Court convicting him, after a jury trial, of burglary in the first degree, attempted robbery In the second degree, and assault in the second degree. Petitioner was sentenced to an aggregate determinate term of fifteen years with five years of post-release supervision. Pet. at 1.

DeLee states that the Appellate Division, Fourth Department, affirmed his conviction in 2010, and the New York State Court of Appeals denied leave to appeal in 2011. Pet. at 2. Petitioner claims he also filed a petition for certiorari in the United States Supreme Court, which was denied. *Id.* at 3.

According to DeLee, he also filed various post-conviction motions, including a motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. Law ("CPL") Section 440.10 in 2007. Petitioner states the motion was denied by County Court on May 22, 2008. Pet. at 3. Petitioner further states he also filed a writ of error coram nobis with the Appellate Division, Fourth Department, on April 14, 2014. According to petitioner, this motion was denied on June 13, 2014. *Id.* at 4. Finally, on March 10, 2015, petitioner states he filed a second CPL 440.10 motion, which County Court denied on March 8, 2016. *Id.* 4-5.

DeLee raises the following grounds for habeas relief: (1) the prosecution failed to disclose material evidence favorable to petitioner and engaged in prosecutorial misconduct; (2) petitioner was denied effective assistance of trial counsel; and (3) he is actually innocent.

Pet. at 6-8. Petitioner requests an order for his "[i]mmediate release and/or an evidentiary hearing on his actual innocence, Prosecutorial Misconduct and Ineffective assistance of trial counsel claims." *Id.* at 18. For a more complete statement of petitioner's claims, reference is made to the petition.

## B. DeLee's Prior Habeas Petition

DeLee acknowledges that on June 13, 2011, he filed a petition pursuant to 28 U.S.C. § 2254 in the Northern District of New York. *DeLee v. Graham*, No. 9:11-CV-653 (MAD/CFH), 2013 WL 3049109 (N.D.N.Y. Jun. 17, 2013); *see also* Pet. at 15; Pet. Ex. at 10-31.

In this 2011 habeas petition, DeLee challenged the same 2006 judgment of conviction on the grounds that "(1) the evidence was legally insufficient to establish guilt and the verdict was against the weight of the evidence; (2) the prosecution engaged in misconduct during the course of his criminal trial; (3) Petitioner's trial counsel provided ineffective assistance; (4) a 'breach of judicial powers' resulted when the trial court failed to 'correct [the] prosecutorial misconduct when perjury was committed'; and (5) cumulative errors created by ineffective counsel, prosecutorial misconduct, and breach of the judicial powers deprived Petitioner of a fair trial." *DeLee*, 2013 WL 3049109, at *1.

On June 17, 2013, DeLee's petition was denied and dismissed in its entirety. *DeLee,* 2013 WL 3049109, at *13. No Certificate of Appealability was issued with respect to any of petitioner's claims. *Id.*

## C. Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts the ability of

petitioners to file second or successive petitions. As relevant here, AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§ 2244(b)(1)-(3); *see* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4 (c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Importantly, a district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (holding that the authorization requirement under the AEDPA "is jurisdictional and therefore cannot be waived.").

Regardless of whether or not his petition has raised new or additional claims, DeLee's current petition is second or successive because he is challenging the same judgment of conviction that he challenged in his previous habeas petition, which was denied and dismissed on June 17, 2013. *DeLee,* 2013 WL 3049109, at *13.

4

Where, as here, a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the appropriate Circuit Court pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Accordingly, DeLee's petition will be transferred to the U.S. Court of Appeals for the Second Circuit for review.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Petitioner's IFP Application (Dkt. No. 2) is **GRANTED**;

2. The Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. §2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and

3. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

United States District Judge

Dated: November 21, 2016
Utica, New York.

5